IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TODD D. SWEAT, | ) | No. C 08-4785 MMC (PR) |
| | ) | |
| Petitioner, | ) | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| | ) | |
| v. | ) | |
| | ) | |
| TOM FELKER, Warden, | ) | |
| | ) | |
| Respondent. | ) | **(Docket Nos. 2, 4 & 5)** |
| _____ | ) | |

The above-titled action was opened on October 17, 2008, when petitioner, a California prisoner proceeding pro se, filed a document titled "Motion for Order Extending Time and Also Court Order Appointing Transcripts, Discovery." In said motion, petitioner, who has not yet exhausted his state court remedies with respect to his challenge to his underlying criminal conviction, asks the Court to order his state appellate counsel to provide petitioner with his trial transcripts and other documents necessary for petitioner to seek further state collateral relief. Additionally, petitioner asks the Court to grant him a one-year extension of the deadline, imposed by the applicable statute of limitations for federal habeas petitions, with respect to a federal habeas petition he wishes to file in the future.

On the same date petitioner filed his motion, the Court notified petitioner in writing that the action was deficient due to petitioner's failure to submit either a complaint or petition. In said notice, petitioner was advised that his failure to submit a complaint or petition within thirty days would result in dismissal of the action. Along with said notice, petitioner was sent a copy of the Court's habeas corpus form, instructions for completing it, and a return envelope.

On November 3, 2008, petitioner filed a further motion, asking the Court to rule on his earlier motion. In the most recent motion, petitioner makes clear that he is not seeking to file a federal habeas petition at this time; rather, he states that he still requires the Court's assistance in enabling him to gain access to documents necessary to his filing a state habeas corpus petition.

Article III, Section 2 of the United States Constitution restricts adjudication in federal courts to "Cases" and "Controversies." See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). In the absence of an actual petition for a writ of habeas corpus, there is no case or controversy for the Court to adjudicate. See Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001). Here, petitioner asks the Court to order his state appellate counsel to provide him with documents necessary to filing state collateral proceedings, and to determine in advance that any future federal habeas petition that petitioner files will not be time-barred. In the absence of a properly-filed habeas petition, neither of petitioner's requests present a justiciable controversy on which this Court can rule.

Although, in some instances, a motion may be construed to be a petition for a writ of habeas corpus, see id. at 83-84, petitioner here has not alleged any grounds for such relief, and indeed it is clear that he is not asking for relief from his conviction at this time, but rather from the statute of limitations.[1] Additionally, it is clear from petitioner's filings in the instant matter that he has not yet exhausted his state court remedies and does not intend to file a federal habeas petition at this time. Further, under such circumstances, any petition filed by petitioner would be subject to dismissal as unexhausted. See Rose v. Lundy 455 U.S. 509, 510 (1982) (holding unexhausted petition must be dismissed).

As no federal habeas petition is pending before the Court and there is no case or controversy for the Court to decide, petitioner's "Motion for Order Extending Time and Also

---

[1] At such time as he files a petition for a writ of habeas corpus, petitioner may, of course, raise any applicable grounds for relief from the statute of limitations.

Court Order Appointing Transcripts, Discovery" is hereby DENIED, (Docket No. 2), and the above-titled action is hereby DISMISSED for lack of subject matter jurisdiction. Such dismissal is without prejudice to petitioner's filing a petition for a writ of habeas corpus once he has exhausted state remedies.

Petitioner's motion asking the Court to rule on his initial motion is hereby DENIED as moot. (Docket No. 4.)

In light of petitioner's lack of funds, the application to proceed in forma pauperis is hereby GRANTED. (Docket No. 5.)

This order terminates Docket Nos. 2, 4 and 5.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: November 17, 2008

_____
MAXINE M. CHESNEY
United States District Judge

3